```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
IN THE MATTER OF AN APPLICATION                    MEMORANDUM
OF THE UNITED STATES OF AMERICA                    AND ORDER
FOR AN ORDER AUTHORIZING THE
RELEASE OF HISTORICAL CELL-SITE                    11-MC- 0113 (JO)
INFORMATION.
------------------------------------------------------------X
```

**JAMES ORENSTEIN, Magistrate Judge:**

The United States seeks an order pursuant to 18 U.S.C. § 2703(c)-(d), directing AT&T Wireless to disclose, with respect to all calls and text messages to and from two separate specified mobile telephones during certain periods, all "recorded information identifying the base station towers and sectors that received transmissions from" the two telephones at the start and end, and during the duration, of calls and text transmissions. The government seeks such information with respect to one telephone for a three-day period in mid-2010 and a six-day period commencing less than a month later; with respect to the second telephone, it seeks information for a twelve-day period in late 2010. Sealed Application at 1. The government has proffered "specific and articulable facts showing that there are reasonable grounds to believe that the information sought is relevant and material to an ongoing criminal investigation." *Id.* ¶ 2. In making that showing, the government asserts that although the two telephones have different individual subscribers, both are believed to have been used by a third person in furtherance of the offenses under investigation. *Id.* ¶ 3. Notwithstanding prior decisions in which I have denied requests for historical cell site information ("historical CSI") pursuant to the Fourth Amendment, I now grant the instant application. Briefly stated, I conclude that the shorter time period of the surveillance at issue here distinguishes the instant application from the ones that I have denied on constitutional grounds.

As I have previously explained elsewhere, as a statutory matter, I interpret the relevant provisions of the Stored Communications Act ("SCA") to permit the relief the government now seeks. *In The Matter Of An Application Of The United States Of America For An Order Authorizing The Release Of Historical Cell-Site Information* ("*Historical CSI I*"), --- F. Supp. 2d ----, 2010 WL 3463132, at *2 (E.D.N.Y. Aug. 27, 2010) (citing cases); 18 U.S.C. § 2703(c)-(d). However, as further explained in *Historical CSI I*, I also conclude that when the government seeks access to historical CSI records for an extended period, it must satisfy the requirements for a warrant under the Fourth Amendment. *See Historical CSI I*, 2010 WL 3463132, at *3-14; *see also In The Matter Of An Application Of The United States Of America For An Order Authorizing The Release Of Historical Cell-Site Information* ("*Historical CSI II*"), 2010 WL 5437209, at *2-3 (E.D.N.Y. Dec. 23, 2010) (citing later decisions in other jurisdictions that bolstered the authority on which I relied in *Historical CSI I*).[1]

The instant application requires me to consider the point at which a request for location tracking information is extensive enough to trigger the warrant requirement. In my earlier decision, I relied heavily on the reasoning in *United States v. Maynard*, 615 F.3d 544, *reh'g en banc denied sub nom. United States v. Jones*, 625 F.3d 766 (D.C. Cir. 2010). The rationale in *Maynard*, in essence, was that a month's worth of location tracking provides an intimate picture of the subject's life, and one that he does not meaningfully subject to public exposure, in part because sustained physical surveillance over such a period is effectively impossible. *See* 615 F.3d at 560-64. Because I concluded that there was no material difference between the essentially real-time surveillance accomplished in *Maynard* by means of a global positioning

---

[1] In an order issued on November 29, 2010, the Honorable Roslynn R. Mauskopf, reversed my decision to deny the government's application in *Historical CSI I*, and noted that an explanatory opinion would follow. That opinion has not yet issued. The government's challenge to my decision in *Historical CSI II* is currently pending before the Honorable Nicholas G. Garaufis.

system ("GPS") device and retrospective location tracking via historical CSI records, I denied the government's request to obtain the latter records pertaining to a 58-day period. *Historical CSI I*, 2010 WL 3463132, at *6-14.

The *Maynard* court took pains to distinguish the case before it from the circumstances of *United States v. Knotts*, 460 U.S. 276 (1983), in which the Supreme Court decided that the use of a beeper to track a single trip on public roads did not implicate the warrant requirement of the Fourth Amendment. *Maynard*, 615 F.3d at 556. It did not attempt to define the length of time over which location tracking technology must be sustained to trigger the warrant requirement. I recognize that any such line-drawing is, at least to some extent, arbitrary, and that the need for such arbitrariness arguably undermines the persuasiveness of the rationale of *Maynard*, and of my prior decisions. I note, however, that there is nothing new in the use of such prescriptive time periods to provide a bright-line rule to serve as useful guides for law enforcement officers seeking to perform their duties without running afoul of their targets' constitutional rights. *See*, *e.g.*, *Maryland v. Shatzer*, 130 S. Ct. 1213, 1223 (2010) (selecting 14 days as the point at which the presumption lapses that the waiver of *Miranda* rights by a suspect in custody who has previously invoked them is involuntary); *County of Riverside v. McLaughlin*, 500 U.S. 44, 56 (1991) (selecting 48 hours as the time within which the police must bring a person arrested without a warrant before a magistrate to establish probable cause for continued detention).

I do not mean to suggest that I can or should define the minimum duration that transforms the kind of discrete surveillance effort at issue in *Knotts* into the sustained location tracking that triggers the warrant requirement under *Maynard*. I venture no further than the appellate court that decided *Maynard*. In that case, the government sustained its GPS-based surveillance for one month; the few reported decisions applying *Maynard* to the historical CSI context have all

involved longer periods.[2] And while the period at issue here – a total of 21 days – is not necessarily so much shorter than the month at issue in *Maynard* to compel the conclusion that the same reasoning does not apply, there is a further complicating factor here. The government does not seek location tracking records for a single mobile phone over a continuous period of 21 days; instead, it seeks records for one telephone for a three-day period and a separate six-day period weeks later, and also the records of a different telephone (albeit one allegedly used by the same investigative subject) for a twelve-day period several months later. Even if it would be just as impractical for the government to conduct physical surveillance in lieu of electronic tracking for such shorter periods, I cannot assume that the information gleaned over such shorter periods, separated by breaks of weeks or months, would necessarily be as revealing as the sustained month-long monitoring at issue in *Maynard*.

Because I conclude that the Fourth Amendment does not bar application of the SCA in the circumstances of this case, I grant the government's application.[3] I have executed the appropriate sealed orders to that effect.

**SO ORDERED.**

Dated: Brooklyn, New York
February 16, 2011

/s/ James Orenstein
JAMES ORENSTEIN
U.S. Magistrate Judge

---

[2] My prior decisions involved periods of 58 and 113 days, respectively. *See also In re Application of the United States of America for Historical Cell Site Data*, --- F.Supp.2d ----, 2010 WL 4286365, at *1 (S.D. Tex. Oct. 29, 2010) (60 days).

[3] To the extent that the SCA may empower a magistrate judge to exercise the discretion to require the government to satisfy the probable cause standard before authorizing the disclosure of historical CSI records, *see In re Application of U.S. for an Order Directing a Provider of Electronic In re Application of U.S. for an Order Directing a Provider of Electronic Communication Service to Disclose Records to Government*, 620 F.3d 304, 315-17 (3d Cir. 2010), I decline to exercise such discretion.